IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAY 2 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**TEKUR DALGA ANBESSA,**

    Plaintiff,

v.                                               Civil Action No. **3:15CV212**

**C.S. RIDDICK,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Tekur Dalga Anbessa, a Virginia prisoner proceeding *pro se*, submitted this civil action pursuant to 42 U.S.C. § 1983.[1] The Court has granted Anbessa's Motion to Amend, and the action proceeds on his Amended Complaint ("Complaint," ECF No. 11-1.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF THE COMPLAINT

In a lengthy and rambling Complaint, Anbessa raises several Fourteenth Amendment due process challenges[2] to his institutional conviction. Anbessa explains that on July 12, 2014, Anbessa "was masturbating off of Ofc Riddick inside [his] cell while the pod was gone to outside recreation." (Compl. ¶ 10.) Anbessa admits that he had engaged in such behavior "for 6–7 months prior." (*Id.*) However, on July 12, 2014, Officer Riddick "wrote [him] a 137A charge for 'lewd or obscene acts' directed toward or in the presence of another." (*Id.*) On July 22, 2014, Institutional Hearing Officer ("IHO") Mabrey found Anbessa guilty of the lesser included offense of indecent exposure, and imposed a fine of $12.00. (*Id.* ¶ 13.) Anbessa

---

[2] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Anbessa also invokes the Due Process Clause of the Fifth Amendment. (Compl. 15.) However, as no federal officials are involved, Anbessa's claims are governed by the Fourteenth Amendment. *See Castillo v. McFaddan*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("[Plaintiff's] citation of the Fifth Amendment was, of course, incorrect. The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

3

complains that Defendants[3] violated his due process rights during the institutional hearing leading to a loss of certain privileges.

In the second portion of his Complaint, Anbessa complains about his incarceration in a male-only prison environment. For example, Anbessa asserts that Defendants have "subject[ed] [him] to a level of living treatment and condition that deprives [him] of [his] right to have sex and reproduction with a woman." (*Id.* ¶ 32.) Anbessa also contends that the male-only prison environment fosters homosexual behavior and lifestyles. (*Id.* ¶¶ 33–35.)

The Court here generously construes Anbessa to raise the following claims for relief:

Claim One: Defendants violated Anbessa's due process rights by:
(a) suspending his telephone and visitation privileges; and,
(b) increasing his security classification.

Claim Two: Defendants violated Anbessa's due process rights by failing to afford him adequate process in the institutional hearing before taking away his good time credits. Specifically, Defendants:
(a) offered perjured, unsworn testimony against him;
(b) denied him an independent and impartial hearing Officer;
(c) failed to allow him to put on a defense and rushing the hearing; and
(d) failed to define or prove the elements of "lewd and obscene" and found him guilty of a lesser-included offense.

Claim Three: Defendants violated Anbessa's Fourteenth Amendment right to due process by housing him in a male-only prison environment.

Anbessa seeks declaratory and injunctive relief as well as monetary damages. (*Id.* ¶¶ 38–45.) For the following reasons, Claims One and Three will be DISMISSED AS FRIVOLOUS. The Court will continue to process Claim Two.

---

[3] The named Defendants are: C.S. Riddick, a correctional officer at Sussex I State Prison ("SISP"); L. Mabrey, the Institutional Hearings Officer ("IHO") for SISP; Keith Davis, the Warden of SISP; George M. Hinkle, a Regional Operations Chief for the Virginia Department of Corrections ("VDOC"); and Harold Clarke, Director of the VDOC.

### III. DUE PROCESS CLAIMS REGARDING INSTITUTIONAL CONVICTION

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted).

To establish a state-created liberty interest, Anbessa "must make a threshold showing that the deprivation imposed amounts to an 'atypical and significant hardship' or that it 'inevitably affect[s] the duration of his sentence.'" *Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (alteration in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). If Anbessa makes this threshold showing, he must then identify the state regulatory or statutory language that creates a protected liberty interest in remaining free from such confinement. *See id.*

As noted above, Anbessa alleges that Defendants' fined him $12.00 as the penalty for the institutional conviction. (Compl. ¶ 21.)[4] Anbessa also vaguely alleges that because he was

---

[4] Moreover, the "Penalty Offer" form attached to Anbessa's initial Complaint confirms that his only penalty was a $12.00 fine. (ECF No. 1-2, at 2.) While not the focus of his argument, to the extent that Anbessa argues that Defendants deprived him of property, in the form of a $12.00 fine, without due process of law, his claim is foreclosed by Virginia's provision of adequate post-deprivation remedies. *See Wilson v. Molby*, No. 1:12cv42 (JCC/JFA), 2012 WL 1895793, at *6-7 (E.D. Va. May 23, 2012); *Henderson v. Virginia*, No. 7:07-cv-00266, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008). Negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).
 Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent of wrongful" acts of state employees acting within the scope of employment. Va. Code Ann. § 8.01–195.3 (West 2015). The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. *See Wadhams v.*

found guilty of indecent exposure, the institutional conviction "hiked up [his] points, [his] level of security from a 4 to a 5, took away [his] earned good time credits, and stopped [him] from transferring to a lower security level where [he] would've received more privileges and liberties." (Compl. ¶ 30.) Anbessa claims his conviction affected his telephone and visitation privileges.

### A.  Claim One

First, Anbessa lacks a protected liberty interest in maintaining a particular classification level or entitlement to housing in a lower security classification. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)); *Knight v. Johnson*, No. 3:10CV648, 2011 WL 4101664, at *4 (E.D. Va. Sept. 14, 2011) (citations omitted). Accordingly, Claim One (b) will be DISMISSED.

In Claim One (a), Anbessa alleges that his institutional conviction affected his visitation and telephone privileges. (Compl. ¶ 30.) However, Anbessa lacks a protected liberty interest in receiving visitors. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989) (citation omitted) ("The denial of prison access to a particular visitor . . . is not independently protected by the Due Process Clause."); *Solliday v. Fed. Officers*, 413 F. App'x 206, 210 (11th Cir. 2011) (citations omitted) ("Other examples of prison decisions not giving rise to liberty interests include . . . visitation."). Similarly, any imposed restrictions on telephone privileges fail to implicate a liberty interest. *Conn v. Stolle*, No. 1:11cv758 (CMH/TCB), 2011 WL 3321136, at *3 (E.D. Va. July 29, 2011). Accordingly, Anbessa's claim that Defendants denied him due process when they took away certain privileges is frivolous. Claim One (a) will be DISMISSED.

---

*Procunier*, 772 F.2d 75, 78 (4th Cir. 1985). Because the availability of a tort action in state court fully satisfies the requirement of a meaningful post-deprivation process, Anbessa cannot state a claim for the loss of his property under the Fourteenth Amendment. *See Wilson*, 2012 WL 1895793, at *6–7; *Henderson*, 2008 WL 204480, at *10 n.7.

### B. Claim Two

To the extent Anbessa alleges that Defendants "took away [his] earned good time credits," (Compl. ¶ 30), his claim implicates a protected liberty interest. *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 653 n.9 (4th Cir. 2007) (citing *Wolff v. McDonnell*, 418 U.S. 539, 560–61 (1974)). By Memorandum Order entered on April 1, 2016, the Court indicated that Anbessa's allegation "appear[ed] factually frivolous in light of the current record." (ECF No. 20, at 1.) The Court directed Anbessa to "provide a concise and plausible statement of how and when Defendants 'took away [his] earned good time credits.'" (*Id.*) Anbessa has responded, and swears under penalty of perjury that they took away his "earned good time credits" on July 22, 2014 after his institutional conviction, and "[t]he conviction occurred almost 2 years ago, and I still do not have my good time credits completely earned back." (Resp. 1–2, ECF No. 21.) Taking Anbessa's allegations as true, Anbessa adequately states a due process claim to survive preliminary review. Accordingly, the Court will continue to process Claim Two.

### IV. DUE PROCESS CLAIM REGARDING ALL-MALE PRISON

In Claim Three, Anbessa asserts that Defendants Clarke and Davis have violated his right to due process "for subjecting [him] to a level of living treatment and condition that deprives [him] of [his] right to have sex and reproduction with a woman." (Compl. ¶ 32.) Anbessa contends this is "an atypical and significant hardship upon me as a straight prisoner." (Compl. 19.) To the extent that Anbessa is challenging his confinement in an all-male prison, "[i]t is beyond controversy that male and female prisoners may lawfully be segregated into separate institutions within a prison system." *Klinger v. Dep't of Corr.*, 107 F.3d 609, 615 (8th Cir. 1997). Moreover, prison officials have a legitimate penological interest in preventing sexual activity. *See Veney v. Wyche*, 293 F.3d 726, 733 (4th Cir. 2002).

7

The remainder of Anbessa's Complaint contains a variety of vague and rambling arguments purportedly attacking Defendants for "catering to the gay lifestyle" by maintaining an all-male prison. (Compl. ¶ 33.) For example, Anbessa claims that "gay prisoners have the liberty to exercise their gay habit and culture day and night without ceasing." (*Id.*) He further asserts that "gay prisoners are provided with (3) meals a day for breakfast, lunch and dinner. They can even achieve the purchase of commissary where they are provided with food, snacks and dessert that can all be provided for gay dating." (*Id.*) According to Anbessa, the fact that he was sentenced to 109 years of incarceration "permanently extinguishes [him] from having sex and reproduction with a woman for the rest of [his] life," whereas a gay prisoner who receives the same sentence "could still flourish in his lifestyle in this VDOC environment." (*Id.* ¶ 34.) Finally, Anbessa alleges that Defendants Clarke and Davis have violated his right to due process by "desecrating [his] intimate and sexual relationship and marriage with [his] former lawful wife by keeping [him] in this synthetic environment." (*Id.* ¶ 35.) The Court fails to discern a plausible due process claim from these rambling allegations. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (noting that court did not abuse its discretion in dismissing inmate's frivolous filing "without extended discussion"). Rather, Anbessa is simply complaining about aspects of prison life with which he apparently does not agree. Accordingly, Claim Three will be DISMISSED.

### V. OUTSTANDING MOTION

Anbessa has filed a motion for the appointment of counsel (ECF No. 14), as well as a Declaration in support of that motion (ECF No. 15). Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues

or exceptional circumstances. Additionally, Anbessa's pleadings demonstrate that he is competent to represent himself in the action. Accordingly, Anbessa's motion for the appointment of counsel (ECF No. 14) will be DENIED.

## VI. CONCLUSION

Claims One and Three will be DISMISSED AS FRIVOLOUS. The Court will continue to process Claim Two. Anbessa's motion for the appointment of counsel (ECF No. 14) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5-2-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge