IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TEKUR DALGA ANBESSA,**

    Plaintiff,

v.                                                                                          Civil Action No. **3:15CV212**

**C.S. RIDDICK,** *et al.*,

    Defendants.

### MEMORANDUM OPINION

Tekur Dalga Anbessa, a Virginia inmate, brings this 42 U.S.C. § 1983[1] action alleging that Defendants[2] violated his due process rights under the Fourteenth Amendment.[3] By Memorandum Opinion and Order entered on May 2, 2016, the Court dismissed all of Anbessa's claims except Claim Two. *Anbessa v. Riddick*, No. 3:15CV212, 2016 WL 1755872, at *5 (E.D.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Anbessa names the following Defendants: C.S. Riddick, a correctional officer at Sussex I State Prison ("SISP"); L. Mabrey, the Institutional Hearings Officer ("IHO") for SISP; Keith Davis, the Warden of SISP; George M. Hinkle, a Regional Operations Chief for the Virginia Department of Corrections ("VDOC"); and Harold Clarke, Director of the VDOC. (Compl. ¶ 1.)

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

Va. May 2, 2016).[4] The action proceeds on Claim Two of Anbessa's Second Amended Complaint ("Complaint," ECF No. 24–1). Specifically, Anbessa asserts:

> Claim Two: Defendants violated Anbessa's due process rights by failing to afford him adequate process in the institutional hearing before taking away his good time credits. Specifically, Defendants:
> (a) offered perjured, unsworn testimony against him;
> (b) denied him an independent and impartial hearing officer;
> (c) failed to allow him to put on a defense and rushing the hearing; and
> (d) failed to define or prove the elements of "lewd and obscene" and found him guilty of a lesser-included offense.[5]

Anbessa seeks declaratory, injunctive, and monetary relief. (Compl. ¶¶ 38–44.) The matter is now before the Court on Defendants' Motion for Summary Judgment. (ECF No. 34.) For the reasons stated below, Defendants' Motion for Summary Judgment will be GRANTED.

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the

---

[4] Specifically, the Court dismissed Claim One, in which Anbessa contended that Defendants violated his due process rights by suspending his telephone and visitation privileges and increasing his security classification, and Claim Three, in which Anbessa alleged that Defendants violated his due process rights by housing him in a male-only prison environment. *Anbessa*, 2016 WL 1755872, at *2, *5. Subsequently, Anbessa filed a Motion for Leave to File an Amended Complaint, to which he attached a proposed Second Amended Complaint. (ECF No. 24.) By Memorandum Order entered on June 8, 2016, the Court granted Anbessa's Motion "to the extent that the Second Amended Complaint w[ould] supplant the Amended Complaint and all other submissions." (ECF No. 25, at 1.) The Court reminded Anbessa "that the action proceeds on Claim Two only." (*Id.*)

[5] Despite the Court's statement that the action would proceed solely on Claim Two, Anbessa has now fashioned Claim Three as a claim that Defendants have violated his rights under the Eighth Amendment by housing him in a male-only prison environment. To the extent that this claim is even properly before the Court, the Court addresses it *infra* in Part IV.

absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere "'*scintilla* of evidence'" will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (quoting *Improvement co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)).

In support of their Motion for Summary Judgment, Defendants have submitted: (1) Defendant Mabrey's affidavit (Mem. Supp. Mot. Summ. J. Ex. 1 ("Mabrey Aff."), ECF No. 35–1); (2) a copy of Virginia Department of Corrections ("VDOC") Operating Procedure § 861.1 (*id.* Encl. A ("Operating Procedure § 861.1")); (3) copies of the paperwork from Anbessa's institutional conviction proceedings (*id.* Encl. B); (4) an affidavit from R.L. Tuell, a Unit Manager at Sussex I State Prison ("SISP") (Mem. Supp. Mot. Summ. J. Ex. 2 ("Tuell Aff."), ECF No. 35–2); (5) a copy of VDOC Operating Procedure § 830.1 (*id.* Encl. A ("Operating Procedure § 830.1")); and, (6) copies of the paperwork from Anbessa's institutional classification review in August and September 2014 (*id.* Encls. B–F). In response, Anbessa has submitted his own declaration ("Anbessa Decl.," ECF No. 44), and his own affidavit ("Anbessa

Aff.," ECF No. 46–1). Additionally, Anbessa swore to the contents of his Complaint under penalty of perjury.

In light of the foregoing submissions, the following facts are established for purposes of the Motion for Summary Judgment.

## II. SUMMARY OF PERTINENT FACTS

Anbessa was transferred to SISP from Wallens Ridge State Prison ("WRSP") on November 25, 2013. (Mabrey Aff. ¶ 4; *see also* Anbessa Aff. ¶ 1.) At that time, Anbessa was assigned to Class Level 2 for purposes of receiving earned sentence credit ("ESC"). (Tuell Aff. ¶ 7 & n.1.) At Level 2, Anbessa earned three days of ECF for every thirty days served. (*Id.* ¶ 6.)

On July 12, 2014, Anbessa "was masturbating off of Ofc Riddick inside [his] cell . . . while the pod was gone to outside recreation." (Compl. ¶ 10; *see also* Mabrey Aff. ¶ 6; Anbessa Decl. ¶ 6.) Anbessa admits that he had engaged in such behavior "for 6-7 months prior." (Compl. ¶ 10.) However, on July 12, 2014, with respect to Anbessa, Officer Riddick wrote "an institutional charge of Lewd or Obscene Acts Directed Toward or in the Presence of Another (Offense Code 137A)." (Mabrey Aff. ¶ 6; *see also* Compl. ¶ 10; Anbessa Decl. ¶ 6.) Anbessa's disciplinary hearing for the offense was scheduled for July 22, 2014. (Mabrey Aff. Encl. B, at 47.)[6]

Prior to the disciplinary hearing, "Anbessa requested the inclusion of institutional video . . . as evidence that he had previously exhibited this same behavior." (Mabrey Aff. ¶ 7; *see also* Mabrey Aff. Encl. B, at 46, 49; Compl. ¶ 11.) Mabrey denied his request because "[s]ecurity video is not routinely available to offenders and [she] did not believe that the video would be informative or helpful in disposition of the case." (Mabrey Aff. ¶ 7; *see also* Mabrey

---

[6] The Court utilizes the pagination assigned to this exhibit by the CM/ECF docketing system.

4

Aff. Encl. B, at 46; Compl. ¶ 12.) At the disciplinary hearing on July 22, 2014, Mabrey found Anbessa guilty of the lesser included offense of indecent exposure, and imposed a fine of $12.00. (Mabrey Aff. ¶¶ 6–7; *see also* Mabrey Aff. Encl. B, at 44, 48; Compl. ¶ 13.) Anbessa's disciplinary conviction was upheld by Unit Manager J.D. Oates, the Warden of SISP, and the Regional Operations Chief. (Mabrey Aff. ¶¶ 8–9.)

On August 5, 2014, the Institutional Classification Authority ("ICA") at SISP reviewed Anbessa's internal status. (Tuell Aff. ¶ 5; *see also* Tuell Aff. Encl. B, at 14.)[7] The ICA "noted that Anbessa had received two 100-series infractions during the review period and recommended his assignment to good time Level 4." (Tuell Aff. ¶ 7; *see also* Tuell Aff. Encl. C, at 15.) Offenders assigned to Level 4 are not eligible to earn any ESC. (Tuell Aff. ¶ 6.) Approximately one year later, on September 1, 2015, Unit Manager Tuell served as the ICA for Anbessa's annual review. (*Id.* ¶ 9.) At that time, Anbessa "scored 40 points for a[n ESC] level 4." (*Id.* Encl. E, at 18.) However, Tuell "recommended an override for assignment to Level 3 based on the fact that, although Anbessa had not been selected, he had applied for numerous jobs during the review period." (Tuell Aff. ¶ 9; *see also* Tuell Aff. Encl. E, at 18.) Anbessa "is now earning good time at the Level 3 assignment." (Tuell Aff. ¶ 10.) At Level 3, Anbessa earns 1.5 days of ESC for every thirty days served. (*Id.* ¶ 6.)

### III.   DUE PROCESS

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70 (1972). Thus, the first step in analyzing a procedural due process claim is to identify

---

[7] The Court utilizes the pagination assigned to Enclosures B, C, D, E, and F to Tuell's affidavit, by the CM/ECF docketing system.

whether the alleged conduct affects a protected liberty or property interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted).

In his Complaint, Anbessa claims that because of his institutional conviction, he "lost all of [his] earned good time credits, which change[d his] guaranteed release date." (Compl. ¶ 30.) In his Declaration, however, Anbessa explains that because of his institutional conviction for indecent exposure, the ICA subsequently assigned him to Level 4 for GSC, meaning that Anbessa received "zero . . . good time credits every 30 days over the course of at least the next two years from the date of conviction." (Anbessa Decl. ¶ 11; *see also* Compl. ¶¶ 14, 30; Anbessa Aff. ¶ 15.) Anbessa contends that "[t]o this date [his] full earning good time at 4.5 credits every 30 days has still not been restored, over two years after conviction." (Anbessa Decl. ¶ 12.)

While the revocation of vested ESC does implicate a protected liberty interest, *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 653 n.9 (4th Cir. 2007) (citing *Wolff v. McDonnell*, 418 U.S. 539, 560–61 (1974)), the above quotations from Anbessa's submissions make clear that what Anbessa is actually challenging in Claim Two is his ESC earning level assignment.[8] However, "it is well established that Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn either Earned Sentence Credits or Good Conduct Allowances." *Sydnor v. Mahon*, No. 3:10CV780–HEH, 2012 WL 604039, at *4 (E.D. Va. Feb. 23, 2012) (citations omitted);[9] *see James v. Robinson*, 863 F. Supp. 275, 278 (E.D. Va. 1994), *aff'd by* 45

---

[8] The Court has already dismissed Anbessa's claims that Defendants violated his due process rights by depriving him of property in the form of a $12.00 fine, suspending his telephone and visitation privileges, increasing his security classification, and housing him in a male-only prison environment. *Anbessa*, 2016 WL 1755872, at *2, *3 n.4, *5.

[9] Since January 1, 1995, Virginia inmates incarcerated for felony offenses fall under the Earned Sentence Credit system. *See Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *1 (E.D. Va. Sept. 30, 2009 (citing Va. Code Ann. § 53.1–202.2 (2008)). The Earned

6

F.3d 426 (4th Cir. 1994). Accordingly, Anbessa cannot maintain a procedural due process claim based on any decision of the ICA to reduce the rate at which he earns ESC based upon his institutional convictions. Because Anbessa has failed to demonstrate that Defendants' actions resulted in the deprivation of a protected liberty interest, Claim Two will be DISMISSED.[10]

### IV. EIGHTH AMENDMENT CLAIM

Despite the Court's statement that this action would proceed solely on Claim Two, Anbessa has refashioned Claim Three, in which he alleged that Defendants violated his right to due process by housing him in a male-only prison environment, as a claim for relief under the Eighth Amendment.[11] Even though Anbessa's claim is not properly before the Court, it is readily dismissed for lack of merit as discussed below.

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims

---

Sentence Credit system "replaced the prior system of sentence credits which awarded Good Conduct Allowances." *Id.* at *1 n.3 (citing Va. Code Ann. § 53.1–199).

[10] To the extent Anbessa requests relief in the form of conjugal visits (Compl. ¶ 39), he fails to demonstrate that he has a due process right to such visits. *See McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975) (noting that the "[f]ailure to permit conjugal visits does not deny an inmate a federal constitutional right" (citing *Tarlton v. Clark*, 441 F.2d 384 (5th Cir. 1971))); *Principio v. McGinnis*, No. 05–CV–0856A(F), 2007 WL 2344872, at *2 (W.D.N.Y. Aug. 15, 2007) (concluding that plaintiff failed to state a due process claim regarding "60 days of keeplock [confinement] with loss of telephone, packages, recreation and conjugal visits").
Anbessa also vaguely states that "this conviction went into [his] criminal file to tag [him] as being a 'sex offender,' and after a certain number of 137 convictions, [he] would be required to register with the Virginia State Police as a 'sex offender,' without ever being afforded due process of law . . . ." (Compl. ¶ 15.) Anbessa, however, points to no law or statute that suggests that convictions of institutional offenses may require him to register as a sex offender.

[11] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate

<mark>9</mark>

indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2003) (quoting *Rich*, 129 F.3d at 340 n.2).

In his refashioned claim, Anbessa alleges that Defendants have violated his rights under the Eighth Amendment by "subjecting [Anbessa] to a level of living treatment and conditions that deprives [Anbessa] of [his] right to have sex and reproduction with a woman." (Compl. ¶ 32.) Anbessa complains that he is "suffering a 'psychological castration' that is continuous, and it is a level of discrimination and deprivation that no other competent brand of US citizen is forced to face . . . , not even gay prisoners." (*Id.* ¶ 33.) The remainder of Anbessa's Eighth Amendment claim contains a variety of vague and rambling arguments purportedly attacking Defendants for violating his Eighth Amendment rights by "catering to the gay life style" by maintaining an all-male prison. (*Id.* ¶ 34.) For example, Anbessa contends that his Eighth

Amendment rights have been violated "because if a gay prisoner was in [Anbessa's] sentencing position of having 109 years to serve 85%, without parole, he could still flourish in his lifestyle in this VDOC environment[, whereas Anbessa is] "permanently extinguished . . . from having sex and reproduction with a woman for the rest of [his] life." (*Id.* ¶ 35.) The Court fails to discern a plausible Eighth Amendment claim from these rambling allegations. *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (noting that court did not abuse its discretion in dismissing inmate's frivolous filing "without extended discussion"). Rather, Anbessa, again, "is simply complaining about aspects of prison life with which he apparently does not agree." *Anbessa v. Riddick*, No. 3:15CV212, 2016 WL 1755872, at *4 (E.D. Va. May 2, 2016). Accordingly, Anbessa's Eighth Amendment claim will be DISMISSED.[12]

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (ECF No. 34) will be GRANTED. Claim Two will be DISMISSED. To the extent that it is properly before the Court, Anbessa's Eighth Amendment claim will be DISMISSED. Because all of Anbessa's claims have been resolved, the action will also be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 12-5-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[12] To the extent Anbessa requests relief in the form of conjugal visits, the failure to provide such visits does not violate Anbessa's Eighth Amendment rights. *See Ortiz v. Sec'y for Dep't of Corr.*, 156 F. App'x 132, 133–34 (11th Cir. 2005) (citing *McCray*, 509 F.2d at 1334).